IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | NO. 3:25-CR-00412-X |
| CHRISTOPHER SPRINGFIELD (1)<br>a.k.a. "Jr." | |

**UNOPPOSED MOTION FOR A PROTECTIVE ORDER**
**GOVERNING DISCLOSURE OF DISCOVERY MATERIALS**

Pursuant to Rules 16 and 49.1(e) of the Federal Rules of Criminal Procedure, the government files this Unopposed Motion for a Protective Order Governing Disclosure of Discovery Materials to protect individually identifiable information, protect financial information, protect ongoing criminal investigations, maintain the integrity of the judicial process, and to promote timely resolution of this case.

Specifically, the government proposes: that any discovery materials (or copies thereof) provided by the government to the defense (regardless of when such materials were produced) that contain:  (1) an individual's social security number or taxpayer-identification number, (2) an individual's date of birth, (3) the name of an individual known to be a minor, (4) insurance subscriber information; (5) a financial-account number, (6) an individual's home address, (7) an individual's home or personal cellular telephone number, or (8) an individual's personal email address, (collectively, "personal identifying information"):

> (a) will not be copied, except to the extent needed as trial exhibits or as the defendant's counsel's working copies;

Unopposed Motion for a Protective Order Governing Disclosure of Discovery Materials—Page 1

(b) will not be shared in unredacted form outside of the defendant's counsel's office with any person not employed or retained by the defendant's counsel, or in the event the defendant is incarcerated, will not be shared outside of the correctional facility visiting area with any person not employed by the defendant's counsel;

(c) will not be provided in unredacted form to, or kept in unredacted form by the defendant, except that the defendant's counsel may take the unredacted materials to the defendant and show them to the defendant;

(d) will not be disseminated, and information contained therein will not be disclosed, in unredacted form to anyone other than this Court, the parties to this case, or the specific witness to whom the personal identifying information in a document pertains;

(e) may be shared, copied, or provided to the defendant as the defendant's counsel deems appropriate without the restrictions set forth in paragraphs (a) through (d) above, if the defendant's counsel redacts the discovery materials to remove all personal identifying information, except for: (1) the last four digits of a social security number and tax identification number, (2) the year of the individual's birth, (3) the minor's initials, (4) the last four digits of the financial account number, (5) the city and state of the individual's home address, (6) the last four digits of the individual's home or personal cellular telephone number, (7) the local-part of the personal email address except for the first character; and

(f) that any attorney of record who is retained or appointed to represent the defendant or who is later relieved of representation of the defendant is bound by the terms of this Order unless excused from its terms by Court Order.

The defendant does not oppose this motion.

**I.    Background**

The indictment in this case charges Christopher Springfield a.k.a. "Jr." and other unapprehended individuals, with one count of conspiracy to possess with intent to distribute a controlled substance, four counts of possession with intent to distribute a controlled substance, and one count of possession of a firearm in furtherance of a Drug Trafficking crime. (Dkt. 1.)

**II.    Discovery is Voluminous and Contains Protected Information**

Discovery in this case is voluminous and replete with personal identifying information. Agents have obtained videos and written statements containing personal identifying information of multiple civilian witnesses. Redacting this information is overly burdensome and could take several weeks, if not months, and once redacted, would render the discovery less useful to the parties.

To facilitate the timely resolution of the case, whether by trial or plea, the government intends to go beyond its discovery obligations by making the vast majority of the discovery available unredacted through a secure electronic file exchange or on an encrypted hard drive to be supplied by the defendant so long as the government can be assured that the personal identifying information in this case will be adequately protected. The government's file exchange and/or an encrypted hard drive will enable defense attorneys to securely access the discovery and allow them to make hard copies of the discovery if they so choose. If any party wishes to use a document as an exhibit to a motion or at trial, they would be responsible for complying with the Court's rules regarding protecting personal identifying information by redacting the document and/or

seeking leave to file the document under seal.  Accordingly, to safely and timely facilitate the discovery in this case, the government seeks the proposed protective order.

### III.     Authority for a Protective Order

This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature.  Fed. R. Crim. P. 16(d) (discovery protective orders); 49.1(e) (protective orders concerning matters of privacy and personal information).  Specifically, Rule 16(d)(1) permits courts to enter protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate relief for good cause.  *Id*.  Indeed, "[a] trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the [surveillance] materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

Courts in this district have routinely entered similar protective orders in other health care and financial fraud cases.  *See, e.g., United States v. Barnard*, 3:22-cr-469-X (ECF 30); *United States v. Smith*, 3:17-CR-446-B (ECF 28); *United States v. Antoine*, 3:14-CR-307-N (ECF 44); *United States v. Ezukanma,* 3:15-CR-254-B (ECF 53); *United States v. Cesario*, 3:16-CR-60-M (ECF 42); *United States v. Norman*, 3:17-CR-315-B (ECF 62)*.*

### IV.     Conclusion

The government requests that the Court enter a protective order limiting the disclosure of discovery materials in this case as described above.  The government believes these proposed restrictions constitute the least restrictive measures available to

protect the various interests involved in this case, including the defendants' interest in full and efficient discovery.  The compelling interests of protecting social security numbers, dates of birth, bank account numbers, and other personal identifying information by preventing disclosure of this information to third parties constitutes more than adequate good cause to enter the requested protective order.

    Respectfully submitted,

    NANCY E. LARSON
    ACTING UNITED STATES ATTORNEY

    *s/ Kelly F. Weller*
    KELLY F. WELLER
    Assistant United States Attorney
    Texas Bar No. 24133302
    1100 Commerce Street, Third Floor
    Dallas, Texas 75242-1699
    Telephone: 214-659-8600
    Facsimile: 214-659-8805
    Email: Kelly.Weller@usdoj.gov